# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DEREK LYNN GIBSON,** | )<br>) |
| Plaintiff, | ) Case No. 7:19CV00022<br>) |
| v. | ) **OPINION**<br>) |
| **SOUTHWEST VIRGINIA DUFFIELD REGIONAL JAIL,** | ) By: James P. Jones<br>) United States District Judge<br>) |
| Defendant. | ) |

*Derek Gibson, Pro Se Plaintiff.*

The plaintiff, Derek Lynn Gibson, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that he received soap instead of medication on one occasion. I conclude that the action must be summarily dismissed as frivolous.

Gibson is confined at the Southwestern Virginia Regional Jail. The Complaint form, dated January 7, 2019, offers only these allegations:

> On or about 5/5/18, I was made to drink liquid soap, when made to drink I informed Officer Crabtree it was not Motrin, it was soap.
>
> I filled grievance and grievance appeals, was told Grievances not vailid [sic].
>
> Was refused proper documentation when I informed jail of proceeding with 1983 form. I am having sever [sic] stomach and restroom problems.

Compl. 2, ECF No. 1. As relief, he seeks $250,000.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). To state a claim, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). The only entity that Gibson names as a defendant to his § 1983 claims is the jail itself. The jail building, however, is not a person subject to suit under § 1983. *See, e.g., McCoy v. Chesapeake Corr. Center*, 788 F. Supp. 890, 893-94 (E.D. Va. 1992).

Because Gibson's complaint presents no legal basis for a claim actionable under § 1983 against the only defendant he has named, I will summarily dismiss this action without prejudice under § 1997e(c)(1) as frivolous. In any event, I also

am satisfied that Gibson cannot state facts consistent with the allegations in the Complaint that state any claim upon which relief could be granted under § 1983.

To prove that medical care an inmate received in jail violated his constitutional rights, the inmate must show that the defendants acted with "deliberate indifference to an inmate's serious medical needs." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "[O]fficials evince deliberate indifference by acting intentionally to delay or deny the prisoner access to adequate medical care or by ignoring an inmate's known serious medical needs." *Sharpe v. S.C. Dep't of Corr.*, 621 F. App'x 732, 733 (4th Cir. 2015) (unpublished). Deliberate indifference requires proof of intent beyond mere negligence, errors in judgment, inadvertent oversights, or disagreements between doctor and patient about the prisoner's treatment plan. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Even if Gibson could prove that the substance he ingested in May 2018 was soap and not medication, he does not state facts suggesting any likelihood that this one incident is the cause of the health problems he is now suffering more than eight months later. More importantly, he has not identified any serious medical need to which any person at the jail has knowingly ignored or refused to address.

For the stated reason, I will summarily dismiss Gibson's Complaint without prejudice under § 1997e(c)(1) as frivolous. Dismissal without prejudice leaves Gibson free to refile one or more of his claims in a new and separate civil rights action, provided he can overcome the noted deficiencies

A separate Final Order will be entered herewith.

DATED: February 13, 2019

/s/ James P. Jones
United States District Judge